**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,<br>ASTRAZENECA UK LIMITED,<br>IPR PHARMACEUTICALS, INC.,<br>and SHIONOGI SEIYAKU<br>KABUSHIKI KAISHA,<br>          Plaintiffs,<br>     v.<br>SUN PHARMACEUTICAL<br>INDUSTRIES LTD.,<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07-806-JJF-LPS |

**REPLY IN SUPPORT OF DEFENDANT SUN PHARMACEUTICAL INDUSTRIES,
LTD.'S RULE 12(b)(1) MOTION TO DISMISS**

To avoid unnecessary briefing and repetitive arguments, Defendant Sun Pharmaceutical Industries Ltd. ("Sun") hereby incorporates by reference the arguments to dismiss Count II of the Complaint set forth in section II of the Aurobindo defendants' reply brief in support of their Motion to Dismiss.[1]

Plaintiffs draw only one distinction between their action against Sun and their action against Aurobindo – *i.e.*, unlike in Aurobindo's pleading before this Court, Sun filed a counterclaim for a declaratory judgment of non-infringement. But this is a distinction without a difference because Sun's counterclaims do *not* invoke Section 271(a).

Instead, Sun's counterclaim for declaratory judgment for non-infringement is brought under Section 271(e), not Section 271(a). Consequently, in that counterclaim, Sun merely alleged that there is an actual and justiciable controversy between the parties as to infringement based on Section 271(e)(2). *See Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661, 678 (1990)

---

[1] The Aurobindo defendants' have submitted their reply brief in Civil Action No. 07-810-JJF-LPS, titled *AstraZeneca Pharmaceuticals LP, et al. v. Aurobindo Pharma Ltd., et al.*, pending before this Court.

{A&L-00059733-}

(noting that "the purpose of subsections (e)(2) and (e)(4) is to enable the judicial adjudication upon which the ANDA and paper NDA schemes depend."). Consistent with that counterclaim, Sun has not moved to dismiss Count I of Plaintiffs' complaint brought under this statute. Accordingly, Sun's counterclaim does not allege a controversy under 271(a).

Moreover, Plaintiffs' opposition incorrectly relies on *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330 (Fed. Cir. 2007), in support of their argument that their Section 217(a) claim presents a justiciable controversy. In *Teva*, the brand drug company filed a suit under Section 271(e) on only one of five patents listed in the Orange Book. In response, the generic drug company brought a declaratory judgment action under 35 U.S.C. § 271(e)(5) on the remaining four patents. Thus, the *Teva* case involved an analysis of Section 271(e)(5) - a statute not at issue in this action. The court in *Teva* never analyzed whether a plaintiff may assert a claim of infringement under Section 271(a) based solely on the submission of an ANDA to the FDA.

For the foregoing reasons and those expressed in more depth in Aurobindo's motion papers, the Court should dismiss Count II of the Complaint for lack of subject matter jurisdiction pursuant Rule 12(b)(1).

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted, |
|  | */s/ John M. Seaman* |
| WINSTON & STRAWN LLP | Kevin G. Abrams (# 2375) |
| Dane A. Drobny | John M. Seaman (# 3868) |
| 35 W. Wacker Drive | ABRAMS & LASTER LLP |
| Chicago, IL 60601-9703 | 20 Montchanin Road, Suite 200 |
| Tel: 312.558.5600 | Wilmington, DE  19807 |
| Fax: 312.558.5700 | Tel: 302.778.1000 |
| ddrobny@winston.com | Fax: 302.778.1001 |
|  | Abrams@abramslaster.com |
| Charles B. Klein | Seaman@abramslaster.com |
| John K. Hsu |  |
| 1700 K Street, N.W. | *Attorneys for Defendant* |
| Washington, D.C.  20006-3817 | *Sun Pharmaceutical Industries Ltd.* |
| Tel: 202.282.5000 |  |
| Fax: 202.282.5100 |  |
| cklein@winston.com |  |

Dated: March 31, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on March 31, 2008, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**By Email**
Mary W. Bourke, Esq.
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
Wilmington, DE 19899

Ford F. Farabow, Esq.
Charlie E. Lipsey, Esq.
York M. Faulkner, Esq.
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Henry J. Renk, Esq.
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112

Martin B. Pavane, Esq.
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue, Suite 1210
New York, NY 10176

William A. Rakoczy, Esq.
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610

Mary Matterer, Esq.
MORRIS JAMES LLP
500 South Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899

{A&L-00059733-}   4

Daniel G. Brown, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151

Steve J. Fineman, Esq.
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Robert B. Breisblatt, Esq.
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, IL 60606

Jeffrey S. Ward, Esq.
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701

Richard D. Kirk, Esq.
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

Steven A. Maddox, Esq.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, DC 20007

Richard L. Horwitz, Esq.
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

          */s/ John M. Seaman*
          John M. Seaman (#3868)