# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha, | : : : : | |
| Plaintiffs, | : : : | |
| v. | : : | Civ. No. 07-805-JJF-LPS |
| Mylan Pharmaceuticals Inc., | : : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha, | : : : : : | |
| Plaintiffs, | : : | Civ. No. 07-806-JJF-LPS |
| v. | : : : | |
| Sun Pharmaceutical Industries Ltd., | : : : | |
| Defendant. | : | |

| | | |
|---|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha, | : : : : : | |
| Plaintiffs, | : : | Civ. No. 07-807-JJF-LPS |
| v. | : : : | |
| Sandoz Inc., | : : : | |
| Defendant. | : | |

AstraZeneca Pharmaceuticals LP,           :
AstraZeneca UK Limited, IPR               :
Pharmaceuticals Inc., and                 :
Shionogi Seiyaku Kabushiki Kaisha,        :
                                          :
                    Plaintiffs,           :
                                          :     Civ. No. 07-808-JJF-LPS
        v.                                :
                                          :
Par Pharmaceutical Inc.,                  :
                                          :
                    Defendant.            :

AstraZeneca Pharmaceuticals LP,           :
AstraZeneca UK Limited, IPR               :
Pharmaceuticals Inc., and                 :
Shionogi Seiyaku Kabushiki Kaisha,        :
                                          :
                    Plaintiffs,           :
                                          :     Civ. No. 07-809-JJF-LPS
        v.                                :
                                          :
Apotex Inc. and Apotex Corp.,             :
                                          :
                    Defendants.           :

AstraZeneca Pharmaceuticals LP,           :
AstraZeneca UK Limited, IPR               :
Pharmaceuticals Inc., and                 :
Shionogi Seiyaku Kabushiki Kaisha,        :
                                          :
                    Plaintiffs,           :
                                          :     Civ. No. 07-810-JJF-LPS
        v.                                :
                                          :
Aurobindo Pharma Ltd. and                 :
Aurobindo Pharma USA Inc.,                :
                                          :
                    Defendants.           :

AstraZeneca Pharmaceuticals LP,     :
AstraZeneca UK Limited, IPR       :
Pharmaceuticals Inc., and          :
Shionogi Seiyaku Kabushiki Kaisha,  :
                                  :
               Plaintiffs,     :
                                  :     Civ. No. 07-811-JJF-LPS
     v.                       :
                                  :
Cobalt Pharmaceuticals Inc. and    :
Cobalt Laboratories Inc.,         :
                                  :
               Defendants.    :

## **SCHEDULING ORDER**

This 11th day of April, 2008, the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Local Rule 16.1 on April 10, 2008, and

the parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS ORDERED that:

### **1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.**

Unless otherwise agreed to by the parties, the parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of

the date of this Order. The parties have reviewed the Court's Default Standard for

Discovery of Electronic Documents, which is posted at

http://www.ded.uscourts.gov/SLRmain.htm (see Chambers, Judge Sue L. Robinson,

---

[1]In entering into, and agreeing to be bound by, this Scheduling Order, none of the Defendants is waiving any of its rights relating to any pending motion to dismiss.

Guidelines, Ad Hoc Committee/Electronic Discovery Default Standards), which is incorporated herein by reference.

## 2. **Joinder of Other Parties**.

All motions to join other parties shall be filed on or before March 6, 2009.

## 3. **Courtesy Copies**.

Where identical pleadings are filed in more than one of the seven actions listed in Attachment A, only one courtesy copy of such pleading shall be provided to the Court.

## 4. **Discovery**.

### (a)    **Defendants' Good Faith Efforts To Coordinate**.

When and to the extent practicable, each group of Defendants in each of the actions ("Defendant Group") will designate a single spokesperson to serve as coordinating counsel for purposes of communicating with the Court and/or Plaintiffs on a particular issue or area of discovery that is common to all Defendants ("Common Discovery Issues"). Common Discovery Issues include, but are not limited to:

a.    validity/invalidity of any asserted patent claim;

b.    enforceability/unenforceability of any asserted patent due to inequitable conduct;

c.    the conception and reduction to practice of any asserted patent claim;

d.    the prosecution of any asserted patent, including the prosecution of any parent, counterpart, or related patent or application; and

e.    the testing, use, development, regulatory approval, licensing, or commercialization of rosuvastatin by Plaintiffs and their affiliated

4

companies, consultants, or agents.

Such spokesperson need not be the same person for each issue or area of discovery that may arise. The spokesperson will make good faith efforts to coordinate activities of the Defendants to reduce duplicative communications and filings with the Court. But each Defendant Group reserves the right to express additional or contrary views to those expressed by the spokesman.

### (b)    Interrogatories.

The Defendants may serve up to fifty (50) interrogatories on Plaintiffs directed to Common Discovery Issues. Each Defendant Group may serve up to fifteen (15) individualized interrogatories on Plaintiffs. Plaintiffs may serve up to twenty-five (25) interrogatories on each Defendant Group (i.e. no more than 175 total). Plaintiffs and any Defendant Group may exceed these limitations by agreement of Plaintiffs and any Defendant Group and/or with prior leave of the Court.

### (c) Document Requests    .

On or before September 24, 2008, all parties will substantially complete the production of all non-privileged documents responsive to any document request that was served on or before June 13, 2008 pursuant to Rule 34 of the Federal Rules of Civil Procedure. The parties will make a good faith effort to produce documents requested in discovery on a rolling basis as they are collected and reviewed. The parties shall endeavor to have any objections to such requests resolved prior to this date. The parties will have a duty to supplement their document production pursuant to Rule 26(e) after September 24, 2008. Document requests by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive,

5

unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

### (d)   Requests for Admission.

Requests for admission by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

### (e) Depositions   .

Each side[2] shall be limited to a total of three hundred (300) hours for taking testimony by deposition upon oral examination, excluding expert depositions.  A deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.75 hours of testimony for every one hour of examination.  Except for depositions of inventors, witnesses who testify in a foreign language, and corporate representatives, each side represents that the party taking the lead on a joint deposition will make reasonable efforts to conclude his or her examination in less than seven hours (exclusive of breaks), and the remaining parties represent that they will make reasonable efforts to conclude their follow-up examination at such a joint deposition in less than six hours total (exclusive of breaks).  All parties will use their best good faith efforts to limit the length of time any individual is deposed.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to

---

[2]For purposes of this Order, each "side" shall refer to all the Defendants in the cases listed in Attachment A, on the one hand, and all the plaintiffs listed in Attachment A, on the other hand.

a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

Depositions shall not commence until the discovery required by Paragraph 4(c) is completed.

### (f)     Fact Discovery Cut-Off and Limitations.

All fact discovery must be commenced so as to be completed by March 6, 2009. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

### (g)     Expert Reports.

Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) on issues for which a party bears the burden of proof are due by April 6, 2009; rebuttal expert reports are due by May 11, 2009; reply reports are due by May 26, 2009. The reply reports will be limited to addressing issues raised in the initial or rebuttal reports concerning secondary considerations of non-obviousness. Along with the submissions of the expert reports, the parties shall advise one another of the dates and times of their experts' availability for deposition. Draft expert reports, any expert's personal notes, and communications between any expert and counsel shall not be discoverable. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in the Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for

7

dispositive motions set forth herein, unless otherwise ordered by the Court.

### (h)    Expert Depositions.

Expert depositions shall be completed by July 31, 2009.

### (i)    Expert Report Supplementation.

If the Court has not issued its Claim Construction Order prior to the deadline for

opening expert reports, the parties shall have fifteen (15) business days to supplement

their respective expert reports following the issuance of the Court's Claim Construction

Order, but only to the extent necessary to conform to any claim construction different

from that party's proposed construction.  The parties shall have fifteen (15) business

days following the service of such supplemental expert reports to supplement their

corresponding rebuttal expert reports, but only to the extent necessary to respond to

new matter raised in the supplemental expert reports.  The parties will cooperate in

good faith to schedule and complete any expert depositions necessary due to

supplementation of the parties' respective expert reports.

### 5.    Discovery Matters.

Should counsel find they are unable to resolve a discovery matter, the parties

involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to

schedule a telephone conference. Not less than forty-eight (48) hours prior to the

conference, the party seeking relief shall file with the Court a letter, not to exceed three

(3) pages, outlining the issues in dispute and its position on those issues. Not less than

twenty-four (24) hours prior to the conference, any party opposing the application for

relief may file a letter, not to exceed three (3) pages, outlining the party's reason for its

opposition.  If the unresolved discovery matter relates to common discovery,

8

Defendants will use their best efforts to file a single letter (seeking relief or opposing relief). Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extensions of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

### 6. Application to Court for Protective Order.

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 5 above.

Any proposed order should include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential [or any other level of designation] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to

9

appear and be heard on whether that information should be disclosed.

### 7.    Papers Filed Under Seal.

When filing papers under seal, counsel should deliver to the Clerk an original and **two (2)** copies of the papers.

### 8.    Amendment of the Pleadings.

Absent good cause, all motions to amend the pleadings shall be filed on or before March 6, 2009.

### 9.    Interim Status Report.

On January 16, 2009, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

### 10.    Status Conference.

On January 23, 2009, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at 10 a.m. Plaintiffs' counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

### 11.    Case Dispositive Motions.

Any case dispositive motions, pursuant to Rule 56 of the Federal Rules of Civil

Procedure and Rule 7.1.3 of the Local Rules of this Court, shall be served and filed with an opening brief and supporting affidavits and materials on or before August 24, 2009. Any opposition brief will be due three (3) weeks after the filing of the opening brief and supporting affidavits and materials, and reply briefs shall be due two (2) weeks after the filing of the opposition brief. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

**12. Claim Construction.**

**(a) Issue Identification .**

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 13, 2009, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on January 27, 2009. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

**(b)     Claim Construction.**

Simultaneous opening claim construction briefs will be exchanged and filed on February 10, 2009. Simultaneous answering claim construction briefs will be

11

exchanged and filed on February 24, 2009.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3.(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.

### (c) Hearing on Claim Construction .

Beginning at 10 a.m. on March 10, 2009, the Court will hear evidence and argument on claim construction.

### 13.   Applications by Motion.

Except as otherwise specified herein, any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware.  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  Unless otherwise requested by the Court, Counsel shall not deliver copies of papers or correspondence to Chambers.

### 14.   Pretrial Conference.

On January 11, 2010, the Court will hold a Final Pretrial Conference in chambers with counsel beginning at 10 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  On or before December 21, 2009, the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order, which accompanies this Scheduling Order.

12

### 15.    **Motions *in Limine*.**

Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single ten-page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

### 16.    **Trial.**

This matter is scheduled for a 10-day bench trial beginning at 9:30 a.m. on February 15, 2010 with the subsequent trial days beginning at 9:00 a.m.[3]

### 17.    **Tutorial Describing the Technology and Matters in Issue.**

On October 8, 2008, beginning at 10:00 a.m., the Court will hold a hearing during which the parties will present a tutorial on the technology at issue.  The tutorial should not be used to argue the parties' claims construction contentions.  The parties shall arrange for the in-court tutorial to be videotaped, with a copy to be provided to the Court

---

[3]The parties reserve until the final pre-trial conference any discussion of allocating hours for each side to present its case.

13

following the hearing, with costs to be shared equally by both sides.

Honorable Leonard P. Stark
United States Magistrate Judge

**Attachment A**

| CASE NAME | DISTRICT COURT | CASE NO. | JUDGE | FILING DATE |
|---|---|---|---|---|
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Mylan Pharmaceuticals Inc. | District of Delaware | 07-805 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Sun Pharmaceutical Industries Ltd. & Sun Pharmaceutical Industries Inc. | District of Delaware | 07-806 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Sandoz Inc. | District of Delaware | 07-807 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Par Pharmaceutical, Inc. | District of Delaware | 07-808 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Apotex Inc. & Apotex Corp. | District of Delaware | 07-809 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Aurobindo Pharma Limited & Aurobindo Pharma USA Inc. | District of Delaware | 07-810 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Cobalt Pharmaceuticals Inc. & Cobalt Laboratories Inc. | District of Delaware | 07-811 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |