IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha,<br><br>      Plaintiffs,<br><br>            v.<br><br>Mylan Pharmaceuticals Inc.,<br><br>      Defendant. | Civ. No. 07-805-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br><br>      Plaintiffs,<br><br>            v.<br><br>Sun Pharmaceutical Industries, Ltd.<br><br>      Defendant. | Civ. No. 07-806-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br><br>      Plaintiffs,<br><br>            v.<br><br>Sandoz, Inc.<br><br>      Defendant. | Civ. No. 07-807-JJF-LPS |

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha      Plaintiffs,<br><br>       v.<br><br>Par Pharmaceutical, Inc.<br><br>     Defendant. | Civ. No. 07-808-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha      Plaintiffs,<br><br>       v.<br><br>Apotex Inc. and Apotex Corp.,      Defendants. | Civ. No. 07-809-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha      Plaintiffs,<br><br>       v.<br><br>Aurobindo Pharma Ltd. and Aurobindo Pharma USA Inc.      Defendants. | Civ. No. 07-810-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha      Plaintiffs,<br><br>       v.<br><br>Cobalt Pharmaceuticals Inc. and Cobalt Laboratories Inc.      Defendants. | Civ. No. 07-811-JJF-LPS |

**STIPULATED PROTECTIVE ORDER**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)**

WHEREAS, Mylan Pharmaceuticals Inc. ("Mylan") is named defendant in Civil Action No. 1:07-cv-00805;

WHEREAS, Sun Pharmaceutical Industries Ltd. ("Sun") is named defendant in Civil Action No. 1:07-cv-00806;

WHEREAS, Sandoz Inc. ("Sandoz") is named defendant in Civil Action No. 1:07-cv-00807;

WHEREAS, Par Pharmaceutical, Inc. ("Par") is named defendant in Civil Action No. 1:07-cv-00808;

WHEREAS, Apotex Inc. and Apotex Corp. (collectively "Apotex") are named defendants in Civil Action No. 1:07-cv-00809;

WHEREAS, Aurobindo Pharma Limited and Aurobindo Pharma USA Inc. (collectively "Aurobindo") are named defendants in Civil Action No. 1:07-cv-00810;

WHEREAS, Cobalt Pharmaceuticals Inc. and Cobalt Laboratories Inc. (collectively "Cobalt") are named defendants in Civil Action No. 1:07-cv-00811;

WHEREAS, AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, and IPR Pharmaceuticals, Inc (collectively "AZ") and Shionogi Seiyaku Kabushiki Kaisha ("Shionogi") are named plaintiffs in all of the actions mentioned above (the "Actions");

WHEREAS, the parties agree that, except as provided herein or in any other agreement entered into by any two or more of the parties, all proprietary or confidential trade secret, technical, business, financial, or personnel information of Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, and Cobalt shall be kept confidential from one another;

WHEREAS, in the course of these Actions, AZ and Shionogi may seek disclosure to them of information which Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, and/or Cobalt regard as proprietary or confidential trade secret, technical, business, financial, or personnel information;

WHEREAS, in the course of these Actions, any of Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, and Cobalt may seek disclosure to any one of them of information which AZ and Shionogi regard as proprietary or confidential trade secret, technical, business, financial, or personnel information;

WHEREAS, in the course of these Actions, any of Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, Cobalt, AZ and/or Shionogi may seek disclosure of third-party information to any one of them which the third party regards as proprietary or confidential trade secret, technical, business, financial, or personnel information; and

WHEREAS, the parties to the Actions desire to establish a mechanism to protect any disclosure of such proprietary or confidential trade secret, technical, business, financial, or personnel information;

IT IS HEREBY STIPULATED by and between the parties hereto, by their respective undersigned counsel of record herein, that this Stipulated Protective Order shall govern in the Actions the disclosure of proprietary or confidential trade secret, technical, business, financial, or personnel information.

## DEFINITIONS

1.      "Order" and "Protective Order" mean this Stipulated Protective Order.

2.      "Party" means any party to the Actions and every director, officer, employee, and managing agent of any party to the Actions.

     **3.**     "Third Party" means a person or entity who is not a party to the Actions and who is requested to provide information or testify in connection with the Actions.

     **4.**     "CONFIDENTIAL INFORMATION" means all information and copies of information, in any form, which a Party or a Third Party in good faith believes constitutes, contains, reveals, relates to, or reflects trade secrets and/or confidential processes, operations, research, technical or developmental information or apparatus, production, marketing, sales, customers, shipments, or other proprietary or confidential trade secret, technical, business, financial, or personnel information within the meaning of Fed. R. Civ. P. Rule 26(c)(1)(G). CONFIDENTIAL INFORMATION shall not include:

     a.   information that is in the public domain at the time of disclosure;

     b.   information which after disclosure is published or becomes part of the public domain through no fault of a person receiving information under this Order, but only after it is published or comes into the public domain;

     c.   information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or

     d.   information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure.

     **5.**     "Outside Counsel" means outside attorneys of record and attorneys serving under their direct supervision, including but not limited to outside attorneys

admitted *pro hac vice* in the Actions and their respective stenographic, clerical, and legal assistant employees.

6.      "Designated In-House Counsel" means attorneys or other individuals in the legal or patent department with litigation oversight responsibilities.  The number of individuals specified as "Designated In-House Counsel" shall be limited to a maximum of three individuals for each of Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, Cobalt, AZ, and Shionogi.

## TERMS OF THE ORDER

7.      *No Ex Parte Patent Prosecution or Inter Partes Proceedings*

Individuals, including Designated In-House Counsel, associated with the representation of a Party who receive CONFIDENTIAL INFORMATION from an unaffiliated Party pursuant to this Order shall not, for a period of two years after final termination of these actions, directly oversee or supervise, or directly or indirectly participate, advise, or otherwise be involved in ex parte prosecution or inter partes proceedings before the U.S. Patent & Trademark Office or any corresponding foreign patent authority concerning any patent application that involves statins, rosuvastatin, and/or hydroxymethylglutaryl-coenzyme A reductase inhibitors ("HMG-CoA reductase inhibitors").  Such individuals, however, may oversee, supervise, participate, advise, or otherwise be involved in any revocation, enforcement, opposition, or nullification proceedings regarding such applications.

8.      *Use of CONFIDENTIAL INFORMATION*

Except by consent of the producing Party or order of this Court and subject to the provisions of paragraphs 12 and 21 hereof, a Party or person bound by this Order shall

not (1) use any CONFIDENTIAL INFORMATION received pursuant to this Order for any purpose other than these Actions, (2) submit or use any CONFIDENTIAL INFORMATION received pursuant to this Order in any communication, including patent applications, with any government, agency, or court in any country of the world, or (3) disclose or release to any person not authorized under this Order any CONFIDENTIAL INFORMATION received pursuant to this Order.  For example, CONFIDENTIAL INFORMATION shall not be used to file or prosecute any patent application, or in connection with any communication with or submission to the U.S. Food and Drug Administration, the U.S. Pharmacopeia, or any similar entity.

The recipient of any CONFIDENTIAL INFORMATION that is provided under this Order shall maintain such information in a secure and safe place and shall exercise reasonable care regarding the maintenance, storage, custody, and use of such information.

Nothing in this Order shall bar or otherwise restrict any Outside Counsel or Designated In-House Counsel from rendering advice to his or her Party-client in these Actions.  Nothing in this Order shall bar or otherwise restrict such Party-client from relying upon such Outside Counsel's or Designated In-House Counsel's examination and/or analysis of CONFIDENTIAL INFORMATION, provided, however, that in rendering such advice and in otherwise communicating with such client, such Counsel shall not disclose any CONFIDENTIAL INFORMATION to unauthorized persons.

**9.**     ***Manner of Identifying Produced Documents***

Documents produced pursuant to discovery in these Actions shall, where possible, bear a unique, per-page, identifying number, except unique identifying numbers are not required when documents are produced only for inspection.

10.    *Manner of Designating CONFIDENTIAL INFORMATION*

a.    Physical objects or documents containing CONFIDENTIAL INFORMATION shall be designated by stamping, marking, or affixing on each page or onto the physical object or its container thereto an identifying  legend in the general form:

**[party name] CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER**

In the event a receiving Party generates any paper printout, copy, image, or transcription from any designated physical object, such Party must stamp each page with the appropriate legend, and the paper printout or transcription shall be treated as designated.

b.    CONFIDENTIAL INFORMATION revealed by inspection of things or premises shall be designated before the inspection by the Party or Third Party permitting inspection by specifying in writing the locations of and things which contain CONFIDENTIAL INFORMATION.

c.    If documents are produced for inspection, then all such documents will be treated as CONFIDENTIAL INFORMATION unless and until the producing party subsequently produces any such documents without the "CONFIDENTIAL INFORMATION" designation.

d.    All depositions taken upon oral examination in any of the Actions shall be treated in their entirety as being CONFIDENTIAL INFORMATION.  The use and disclosure of such depositions shall be governed by the same rules that govern the use or disclosure of CONFIDENTIAL INFORMATION included in documents as described herein.

e.    A Party or Third-Party producing CONFIDENTIAL INFORMATION that inadvertently fails to designate such CONFIDENTIAL INFORMATION pursuant to this Order at the time of production shall be entitled to make a correction at any time.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately designated as CONFIDENTIAL INFORMATION.  The Party receiving the CONFIDENTIAL INFORMATION before the notice and correction by the producing Party or Third Party shall return to Outside Counsel for the producing Party or Third Party all such previously undesignated CONFIDENTIAL INFORMATION with all copies, or certify destruction thereof, within five calendar days after receiving the substitute copies.  Upon receipt of correction and notice, the receiving Party shall honor the provisions of this Order and shall consider and treat as properly designated CONFIDENTIAL INFORMATION the previously undesignated CONFIDENTIAL INFORMATION, including to the extent that such information has been incorporated into any attorney work product.  Under such circumstances, no receiving Party shall have any obligation or liability due to any disclosure of the CONFIDENTIAL INFORMATION which occurred before the receipt of correction and notice; provided, however, that any subsequent disclosure shall be in accordance with such corrected designation.

**11.    *No Admission or Waiver***

The designation of CONFIDENTIAL INFORMATION by a Party or Third Party is intended solely to facilitate compliance with discovery in these Actions.  Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any Party or Third Party that the designated information

constitutes or contains any trade secret or CONFIDENTIAL INFORMATION. Failure to so designate information shall not constitute a waiver of any claim by a Party or Third Party that information contains CONFIDENTIAL INFORMATION.

**12.** *Treatment of CONFIDENTIAL INFORMATION*

      a. *CONFIDENTIAL INFORMATION*

Absent the consent of the producing Party, documents or information designated as CONFIDENTIAL INFORMATION shall be disclosed by the receiving Party only to:

(i) Outside Counsel for the receiving Party, their staff, and any litigation service contractors (such as copy services and translators) whose function in connection with these Actions requires access to CONFIDENTIAL INFORMATION;

(ii) Designated In-House Counsel for the receiving Party consistent with the restrictions of Paragraph 8 above, and their immediate staff, but only to the extent necessary to carry out duties related to this litigation;

(iii) any person agreed to in writing by the producing Party;

(iv) outside experts and consultants for the receiving Party as provided in Paragraph 15, but only to the extent necessary to carry out duties related to this litigation;

(v) stenographers, court reporters, videographers or other individuals solely involved for the recordation and transcription of deposition or court proceedings or for like purposes at the request and consent of the Parties; and

(vi) the Court, its staff, and designees.

For purposes of this Paragraph, in the event that the producing Party is AZ or Shionogi, the "receiving Party" shall include Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, and Cobalt, except where AZ or Shionogi expressly notifies the recipient(s)

that AZ or Shionogi has made a limited production of CONFIDENTIAL

INFORMATION to less than all of the Defendants.  In such instances, the "receiving

Party" shall include the recipient(s) who were so notified.

>    b.    *Use of CONFIDENTIAL INFORMATION in related actions*

Nothing herein shall prevent the Parties, by consent of the producing Party, to use

certain of the producing Party's CONFIDENTIAL INFORMATION in one or more of

the related Actions.  In the event that a producing Party does not consent, the Party

seeking to use the producing Party's CONFIDENTIAL INFORMATION in one or more

of the Actions, may apply for a modification of this Order pursuant to Paragraph 22.

>    **13.    *Actions to be taken in the event of unauthorized disclosure of CONFIDENTIAL INFORMATION.***

If CONFIDENTIAL INFORMATION designated pursuant to this Order is

disclosed to an unauthorized person or in a manner not authorized by this Order, the Party

responsible for the unauthorized disclosure shall immediately upon learning of the

unauthorized disclosure provide all pertinent facts relating to such disclosure (including

the name(s) of the person(s) to whom disclosed) to the attention of the Outside Counsel

for the Party or Third Party designating the CONFIDENTIAL INFORMATION, without

prejudice to other rights and remedies of the designating Party or Third Party.  The Party

responsible for the unauthorized disclosure shall use its best efforts to prevent further

unauthorized use or disclosure of CONFIDENTIAL INFORMATION, shall use its best

efforts to immediately retrieve all copies of the CONFIDENTIAL INFORMATION, and

otherwise mitigate harm.

14.    *Additional Permissible Disclosure of CONFIDENTIAL INFORMATION*

Documents designated CONFIDENTIAL INFORMATION also may be disclosed and used during a deposition or at trial, subject to appropriate safeguards necessary to protect sensitive information contained in the documents, to:  (i) persons listed on the face of the documents; or (ii) persons otherwise shown to be the originator, author, or a recipient of such documents; or (iii) persons shown to have knowledge of the CONFIDENTIAL INFORMATION contained in the documents; or (iv) present or former employees, agents, and representatives of the designating Party or Third Party, its subsidiaries, or affiliates.  For purposes of this paragraph, Shionogi and AZ shall be considered affiliates.  Nothing in this paragraph shall prevent a Party or a Third Party from giving its consent to having its CONFIDENTIAL INFORMATION disclosed to any witness during a deposition or at trial.

15.    *Access to CONFIDENTIAL INFORMATION by Outside Experts and Consultants*

As specified in Paragraph 12 above, outside experts or outside consultants and their staff whose advice and consultation are being or will be used in preparation for and/or at trial of these Actions may have access to documents and information designated as CONFIDENTIAL INFORMATION pursuant to the following procedure:

a.    Each such outside expert or consultant shall read this Order and execute a Confidentiality Agreement in the form attached hereto as Exhibit A before obtaining access to any CONFIDENTIAL INFORMATION.

b.    Each such Confidentiality Agreement executed by a Party's expert(s) or consultant(s), along with a current copy of the expert's or consultant's *curriculum vitae*, a list of each expert or consultant's publications for the preceding ten

(10) years, and a list of each expert or consultant's trial and/or deposition testimony given in the preceding four (4) years shall be transmitted to Outside Counsel for the Party from which the CONFIDENTIAL INFORMATION was obtained by no later than ten (10) calendar days before the disclosure of any CONFIDENTIAL INFORMATION.

      c.     If a Party believes that disclosure of its CONFIDENTIAL INFORMATION to another Party's expert(s) or consultant(s) would injure or prejudice it, the Party may object in writing within ten (10) calendar days of receipt of the materials described in Paragraph 15(b) above.  If timely objection is made, the Parties shall attempt in good faith to resolve the disclosure issue.  If the Parties cannot resolve a dispute regarding disclosure to an outside expert or consultant, the objecting Party may apply to the Court for an order prohibiting disclosure of its CONFIDENTIAL INFORMATION to the outside expert or consultant.  The objecting Party has twenty (20) days from receipt of the materials described in Paragraph 15(b) above to move the Court to preclude the outside expert or consultant from viewing its CONFIDENTIAL INFORMATION.  If the objecting Party does not bring a timely motion, CONFIDENTIAL INFORMATION may be disclosed to the outside expert or consultant after the time allowed for filing the motion has passed.

    **16.**    *Disputes Regarding Designation of In-House Counsel*

      Each of Mylan, Sun, Sandoz, Par, Apotex, Aurobindo, Cobalt, AZ, and Shionogi may designate up to three Designated In-House Counsel, as provided in Paragraph 6, above, by providing notice to the other Parties.  The notice shall include the employee's name, description of the employee's position(s), title(s), and responsibilities for the past five years.  A Designated In-House Counsel may be replaced by substitute Designated In-

House Counsel, up to a maximum of three at any one time, upon notification regarding the substitute Designated In-House Counsel.  If a Party or Third Party believes that disclosure of its CONFIDENTIAL INFORMATION to a Party's Designated In-House Counsel would injure or prejudice it, the Party or Third Party may object in writing within ten (10) calendar days of receiving notice of the designation from the designating Party.  If timely objection is made, the Parties or Third Party shall attempt in good faith to resolve the disclosure issue.  If the Parties or Third Party cannot resolve a dispute regarding disclosure to a Designated In-House Counsel, the objecting Party may apply to the Court for an order prohibiting disclosure of its CONFIDENTIAL INFORMATION to the Designated In-House Counsel.  The objecting Party or Third Party has twenty (20) days from receipt of the notice of the designation from the designating Party to move the Court to preclude the Designated In-House Counsel from viewing its CONFIDENTIAL INFORMATION.  If the objecting Party does not bring a timely motion, CONFIDENTIAL INFORMATION may be disclosed to the Designated In-House Counsel after the time allowed for filing the motion has passed.

### 17.  *Effect of this Order on Discovery*

This Order shall not preclude or limit the right of any Party or Third Party to oppose discovery on any ground which would otherwise be available.

### 18.  *Inadvertent Production and Non-Waiver of Privileges*

Inadvertent production in the course of discovery of any information, in any form (whether properly designated as CONFIDENTIAL INFORMATION or not) shall not waive any privilege or immunity that would otherwise attach to the information produced, provided that the producing Party or Third Party notifies the Outside Counsel

for the receiving Party of the claim of privilege or immunity within fifteen (15) days after discovery of the inadvertent production.  Upon such notice, the receiving Party and Outside Counsel for the receiving Party shall return to the producing Party or Third Party all documents and things containing information claimed to be subject to any privilege or immunity, or certify destruction thereof.  Returning or destroying inadvertently produced materials shall not constitute an acknowledgment that the information contained in the materials is privileged or immune from discovery.

Notwithstanding the provisions of the preceding paragraph, if any document or information is:

(i) marked as an exhibit in a deposition at which the producing Party is represented by counsel;

(ii) presented as an exhibit to, or specifically identified in, any brief, legal memorandum, affidavit or declaration filed and/or served in any of the Actions;

(iii) presented as an exhibit to, or specifically identified in any expert report served in any of the Actions;

(iv) specifically identified in an interrogatory answer or other discovery response (or section of the Pretrial Order) served by or on the Producing Party in any of the Actions; or

(v) specifically identified at any hearing in any of the Actions;

by any Party, then the Producing Party will be entitled to relief under this Paragraph 18 only if the Producing Party makes a claim of inadvertent production under this paragraph within fifteen (15) days after such use or identification of the document or information.

**19.**    *Effect of this Order on Depositions*

Consistent with Paragraph 14 above and all other provisions of this Order, when a Party's or Third Party's CONFIDENTIAL INFORMATION is discussed or disclosed during a deposition, the Party or Third Party may exclude any person not authorized under this Order to have access to the CONFIDENTIAL INFORMATION from the deposition while the CONFIDENTIAL INFORMATION is disclosed or discussed.

**20.**    *Court Reporters*

Court reporters, stenographers and videographers who transcribe or record testimony in this action containing information identified by a Party or Third Party as its CONFIDENTIAL INFORMATION shall exercise reasonable care in maintaining the confidentiality of all transcriptions, recordings, notes, and other documents containing the CONFIDENTIAL INFORMATION and shall not disclose those materials, except to Outside Counsel authorized under this Order to receive the CONFIDENTIAL INFORMATION and to the Court.

**21.**    *Other Proceedings*

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's or Third Party's information designated CONFIDENTIAL INFORMATION pursuant to this Order shall promptly notify that Party of the motion so that the party may have an opportunity to appear and be heard on whether the information should be disclosed.

22.    *Modification and Additional Protective Orders*

Nothing herein shall prevent any Party or Third Party from: (i) applying to the Court for a modification of this Stipulated Protective Order should the moving Party or Third Party believe the Order, as originally entered, is impairing its efforts to prepare for trial; (ii) applying to the Court for further or additional protective orders; or (iii) making an agreement with the other Parties in these Actions to modify this Stipulated Protective Order, subject to Court approval.

23.    *Motion for Relief From CONFIDENTIAL INFORMATION Designation*

A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time made, and failure to do so shall not preclude a subsequent challenge during the pendency of the litigation.  A Party challenging a designation shall provide written notice to the Party or Third Party who produced the CONFIDENTIAL INFORMATION.

Upon motion, the Court may affirm the appropriateness of the CONFIDENTIAL INFORMATION designation or order its removal from any information so designated. Regarding any motion concerning the propriety of a CONFIDENTIAL INFORMATION designation, the Party or Third Party making the designation shall bear the burden of proof.

24.    *Filing Documents Designated CONFIDENTIAL INFORMATION with the Court*

If a Party wishes to file or lodge with the Court for any purpose any document, transcript, or thing containing information which is or has been designated CONFIDENTIAL INFORMATION, the Party shall designate the material as CONFIDENTIAL INFORMATION as set forth in Paragraph 10 above, and it shall be

filed with the Court in a sealed envelope bearing the caption of the case and the following

legend:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT**

Upon the failure of the filing or lodging Party to properly designate information as

CONFIDENTIAL INFORMATION, any Party or Third Party who in good faith believes

that designation and filing under seal is required may move the Court to file said

information under seal within 10 calendar days of learning of the defective filing or

lodging.  Notice of such designation shall be given to all Parties in these Actions.

Nothing in this provision relieves a Party of liability for damages caused by failure to

properly file CONFIDENTIAL INFORMATION under seal.

> 25.    *Order Binding As of Date of Court Order*

This Order shall be binding on the Parties as of the date on which the Court enters

its order endorsing this Order.

> 26.    *Conclusion of Litigation*

At the conclusion of any of the Actions, by judgment or otherwise, including all

appeals, all documents and information designated in that Action as CONFIDENTIAL

INFORMATION, including electronic copies thereof, shall be, at the receiving Party's or

Third Party's election and instruction, either (1) returned within 60 calendar days of the

conclusion of the litigation to the producing Party or Third Party along with all copies

thereof, or (2) destroyed within 60 calendar days of the conclusion of the litigation by the

receiving Party, after which the receiving Party will certify within 75 days of the

conclusion of the litigation that such return and/or destruction has in fact been completed.

At the conclusion of any of the Actions, all documents prepared in that Action by

attorneys (including Outside Counsel and Designated In-House Counsel), Designated

Party Representatives, and outside experts and consultants designated pursuant to

Paragraph 15 above, containing summaries, abstracts, or quotations from documents

designated by a Party or Third Party as protected by this Order, shall be destroyed within

60 calendar days or kept within the internal files of the Outside Counsel for the Party

creating such documents.

Any legal briefs or memoranda containing CONFIDENTIAL INFORMATION

prepared by Outside Counsel of any Party may be retained in the Outside Counsel's

internal files.

### 27.    *Survival of Terms of this Order*

The provisions of the Order shall survive the final termination of either Action for

any retained documents or contents thereof.

**AGREED TO:**

Dated:  May 12, 2008                    FINNEGAN, HENDERSON, FARABOW, GARRETT
                                        & DUNNER, L.L.P.
                                        901 New York Avenue, N.W.
                                        Washington, D.C.  20001


                                        By:  _____ */s/ York M. Faulkner* _____
                                                    York M. Faulkner

                                        Attorneys for AstraZeneca Pharmaceuticals LP,
                                        AstraZeneca UK Limited, IPR Pharmaceuticals, Inc.,
                                        and Shionogi Seiyaku Kabushiki Kaisha

Dated:  May 12, 2008

CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899


By: _____ /s/ Mary W. Bourke _____
Mary W. Bourke

Attorneys for AstraZeneca Pharmaceuticals LP,
AstraZeneca UK Limited, IPR Pharmaceuticals, Inc.,
and Shionogi Seiyaku Kabushiki Kaisha

Dated:  May  12, 2008

FITPATRICK, CELLA, HARPER & SCINTO
975 F Street, N.W.
Washington, D.C. 20004

By: _____ /s/ Henry J. Renk _____
Henry J. Renk

Attorneys for AstraZeneca Pharmaceuticals LP,
AstraZeneca UK Limited, IPR Pharmaceuticals, Inc.,
and Shionogi Seiyaku Kabushiki Kaisha

Dated:  May 12, 2008

RAKOCZY MOLINO MAZZOCHI
SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610


By: _____ /s/ William A. Rakoczy _____
William A. Rakoczy

Attorneys for Mylan Pharmaceuticals Inc.

Dated:  May 12, 2008

WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C.  20006-3817

By: _____ /s/ Dane A. Drobny _____
Dane A. Drobny

Attorneys for Sun Pharmaceutical Industries Ltd.

Dated:  May 12, 2008

COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, NY  10176


By:  _____*/s/ Martin B. Pavane*_____
              Martin B. Pavane

Attorneys for Sandoz Inc.

Dated:  May 12, 2008

FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151


By:  _____*/s/ Daniel G. Brown*_____
              Daniel G. Brown

Attorneys for Par Pharmaceutical, Inc.

Dated:  May 12, 2008

KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois  60661-3693


By:  _____*/s/ Robert B. Breisblatt*_____
              Robert B. Breisblatt

Attorneys for Apotex Inc. and Apotex Corp.

Dated:  May 12, 2008

MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street
Suite 700
Madison WI 53703

By:  _____*/s/ Edward J. Pardon*_____
              Edward J. Pardon

Attorneys for Aurobindo Pharma Limited and
Aurobindo Pharma USA Inc.

Dated:  May 12, 2008                    FOLEY & LARDNER LLP
                                        3000 K Street, N.W.
                                        Suite 500
                                        Washington, DC 20007


                                        By:  _____ /s/ Steven A. Maddox _____
                                                    Steven A. Maddox

                                        Attorneys for Cobalt Pharmaceuticals Inc. and Cobalt
                                        Laboratories Inc.



SO ORDERED this _____ day of _____ 2008.


_____
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP<br>AstraZeneca UK Limited, IPR<br>Pharmaceuticals Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha,<br><br>       Plaintiffs,<br><br>          v.<br><br>Mylan Pharmaceuticals Inc.,<br><br>       Defendant. | Civ. No. 07-805-JJF-LPS |
| AstraZeneca Pharmaceuticals LP,<br>AstraZeneca UK Limited, IPR<br>Pharmaceuticals Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha<br><br>       Plaintiffs,<br><br>          v.<br><br>Sun Pharmaceutical Industries, Ltd.<br><br>       Defendant. | Civ. No. 07-806-JJF-LPS |
| AstraZeneca Pharmaceuticals LP,<br>AstraZeneca UK Limited, IPR<br>Pharmaceuticals Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha<br><br>       Plaintiffs,<br><br>          v.<br><br>Sandoz, Inc.<br><br>       Defendant. | Civ. No. 07-807-JJF-LPS |

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>      Plaintiffs,<br><br>              v.<br><br>Par Pharmaceutical, Inc.<br><br>      Defendant. | Civ. No. 07-808-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>      Plaintiffs,<br><br>              v.<br><br>Apotex Inc. and Apotex Corp.,<br>      Defendants. | Civ. No. 07-809-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>      Plaintiffs,<br><br>              v.<br><br>Aurobindo Pharma Ltd. and Aurobindo Pharma USA Inc.<br>      Defendants. | Civ. No. 07-810-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>      Plaintiffs,<br><br>              v.<br><br>Cobalt Pharmaceuticals Inc. and Cobalt Laboratories Inc.<br>      Defendants. | Civ. No. 07-811-JJF-LPS |

## DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ , declare under penalty of perjury under

the laws of the United States that:

1.    My address is _____ .

2.    My present employer is _____ and its address

is _____.

3.    My present occupation or job description is _____.

4.    I hereby certify that I have read and understand the terms of the Stipulated

Protective Order ("Protective Order") between the Parties in Civil Action Nos.

1:07-cv-00805, 1:07-cv-00806, 1:07-cv-00807, 1:07-cv-00808, 1:07-cv-00809, 1:07-cv-

00810, and 1:07-cv-00811.

5.    I agree that I will not use, disclose, or allow to be disclosed to anyone not

expressly permitted by the Protective Order to receive CONFIDENTIAL

INFORMATION, any of the contents of CONFIDENTIAL INFORMATION received

under protection of the Protective Order.  I also agree to be bound by the terms and

conditions of the Protective Order.

6.    I agree that as to all individuals not expressly permitted to receive

CONFIDENTIAL INFORMATION, I am to keep confidential all copies of any materials

that I receive, whether at home or at work, which have been designated as

CONFIDENTIAL INFORMATION.  I also agree that I will carefully maintain such

materials in a container, drawer, room, or other safe place in a manner consistent with the

Protective Order.  I further agree that all such documents are to remain in my custody

until I have completed my assigned or legal duties, whereupon they are to be returned or destroyed as specified in the Protective Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

7.    For the purpose of enforcement of the Protective Order, I hereby submit to the jurisdiction of United States District Court for the District of Delaware.


Dated: _____        Signature: _____


                                Printed Name: _____